IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAVANNA SPENCER, | ) | |
|        Plaintiff | ) | C.A. No. 06-132 Erie |
| | ) | |
|        v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| C/O FIES, et al., | ) | |
|        Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Motion of Defendant Dr. Peter Longstreet to Set Aside or Open a Default [Document # 78] be granted.

**II.   REPORT**

    **A.    Relevant Procedural History**

On June 5, 2006, Plaintiff Ravanna Spencer, an inmate at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple Defendants, including Dr. Peter Longstreet (inaccurately identified by Plaintiff as "Psychiatrist Longstreak"). On December 11, 2006, the United States Marshal filed a Notice of Inability indicating that it was unable to effectuate service on Defendant Longstreet. [Document # 30]. Accordingly, this Court issued an Order on December 18, 2006, ordering the U.S. Marshal to make personal service of the Complaint upon Defendant Longstreet. [Document # 34].

On April 30, 2007, a Return of Service was filed with this Court indicating that the U.S. Marshal served the Complaint upon Defendant Longstreet at SCI-Albion, on March 26, 2007, by leaving it in the care of "Melinda Adams Sup. Asst.," who signed the acknowledgment of service. [Document # 60]. As a result, the docket indicates that an answer was due from Defendant Longstreet on or before April 16, 2007. [Id.]. On May 21, 2007, Plaintiff filed a

motion for entry of default against, *inter alia*, Defendant Longstreet "for failing to respond to the plaintiff [sic] Complaint after being personally serve [sic] by the marshal on 4/26/07." [Document # 65]. On September 10, 2007, the Clerk entered default against Defendant Lonngstreet. [Document # 76]. On September 25, 2007, a Notice of Appearance was entered on behalf of Defendant Longstreet and the instant motion to set aside default was filed.

### B.     Standard of Review

The policy of this Circuit is one of "disfavoring default judgments and encouraging decisions on the merits." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). Nevertheless, the "decision to vacate a default judgment is left to the sound discretion of the trial court." Id. In this regard, the court must consider whether: (1) the plaintiff will be prejudiced by vacating the judgment; (2) the defendant has a meritorious defense; and (3) the default was the result of the defendant's culpable conduct. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. Appx. 519, 522 (3d Cir. 2006), citing Harad, 839 F.2d at 982. "Though listed second above, we consider the meritorious-defense factor the 'threshold issue in opening a default judgment.'" Nationwide, 175 Fed. Appx. at 522, quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). A defendant does not "have the right to have a default judgment set aside automatically upon alleging a defense." Harad, 839 F.2d at 982. "Our standard is more stringent; it requires a defendant to 'set forth with some specificity the grounds for his defense." Nationwide, 175 Fed. Appx. at 522, quoting Harad, 839 F.2d at 982. "We then look to the substance of that defense to determine whether it is meritorious." Id.

### C.     Discussion

Before applying the foregoing three-part test to determine whether the default judgment at issue should be set aside, this Court must first determine whether Defendant

Longstreet was properly served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

Fed.R.Civ.P. 4(e) provides, in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, ... may be effected in any judicial district of the United States:
>
>> (1)  pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>>
>> (2)  by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process..

In this case, Fed.R.Civ.P. 4(e)(2) does not apply, as Defendant Longstreet's copy of the Complaint was served at SCI-Albion, where Melinda Adams, SCI-Albion's Assistant Superintendent, acknowledged receipt of the same. (See Document # 78, Exhibit 1). Thus, in accordance with Fed.R.Civ.P. 4(e)(1), the Court must look to the applicable law of Pennsylvania regarding service of original process. In particular, Rule 402 of the Pennsylvania Rules of Civil Procedure provides, in pertinent part:

> (a) Original process may be served
>
>> (1)  by handing a copy to the defendant; or
>>
>> (2)  by handing a copy
>
> \*               \*                    \*
>
>> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a).

Attached to his motion to set aside default is Defendant Longstreet's Affidavit, in which he states the following, under oath:

> 3.    At no time was I ever personally handed a copy by anyone – including

3

> > Ms. Adams or a U.S. Marshal – of the Complaint filed by inmate Ravanna Spencer (whom I do not recall).
>
> 4. I do not have an agent at the facility, but I recognize Ms. Maxine Overton, Correctional Health Care Administrator, as the person in charge of my office at the Albion facility.

(Document # 78, Exhibit 2 at ¶¶ 3, 4).

Based on the above representations, this Court finds that Defendant Longstreet was not properly served in accordance with Pa.R.C.P. 402(a) and, consequently, was not properly served pursuant to Fed.R.Civ.P. 4(e). As a result, Defendant Longstreet has not been required to file a responsive pleading to Plaintiff's Complaint, and the default judgment entered against him in this case should be vacated.[1]

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion of Defendant Dr. Peter Longstreet to Set Aside or Open a Default [Document # 78] be granted and the default judgment entered against Defendant Longstreet should be vacated. It is further recommended that Defendant Longstreet should be ordered to file a responsive pleading to the Complaint within thirty (30) days after the date a final order vacating the default judgment is entered.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute

---

[1] The Court notes that Defendant Longstreet's counsel has since entered an appearance with this Court and has agreed to waive service of the Complaint upon vacation of the default judgment at issue.

a waiver of any appellate rights.

                                              S/Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              Chief United States Magistrate Judge

Date:   October 30, 2007

cc:      The Honorable Sean J. McLaughlin
         United States District Judge