IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAVANNA SPENCER,       )
      Plaintiff       )       C.A. No. 06-132 Erie
             )
  v.       )       District Judge McLaughlin
             )       Magistrate Judge Baxter
C/O FIES, et al.,       )
      Defendants       )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the Motion of Defendant Daniel Telega, P.A., to Set Aside or Open Default Judgment [sic] [Document # 117] be granted, and Plaintiff's Motion for Entry of Default Judgment [Document # 106] be denied..

## II.    REPORT

### A.    Relevant Procedural History

On June 5, 2006, Plaintiff Ravanna Spencer, an inmate at the State Correctional Institution at Fayette in LaBelle, Pennsylvania ("SCI-Fayette"), filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple Defendants, including Physician's Assistant Daniel Telega, (inaccurately identified by Plaintiff as "P/A Talaka"). On December 11, 2006, the United States Marshal filed a Notice of Inability indicating that it was unable to effectuate service on Defendant Telega. [Document # 29]. Accordingly, this Court issued an Order on December 18, 2006, ordering the U.S. Marshal to make personal service of the Complaint upon Defendant Telega. [Document # 33].

On April 30, 2007, a Return of Service was filed with this Court indicating that the U.S. Marshal served the Complaint upon Defendant Telega at SCI-Albion, on March 26, 2007, by leaving it in the care of "Melinda Adams Sup. Asst.," who signed the acknowledgment of service. [Document # 60]. As a result, the docket indicates that an answer was due from

Defendant Telega on or before April 16, 2007. [Id.]. On May 21, 2007, Plaintiff filed a motion for entry of default against, *inter alia*, Defendant Telega "for failing to respond to the plaintiff [sic] Complaint after being personally serve [sic] by the marshal on 4/26/07." [Document # 65]. On September 10, 2007, the Clerk entered default against, *inter alia,* Defendant Telega. [Document # 76]. On April 24, 2008, Plaintiff filed a Motion for Entry of Default Judgment against Defendant Telega [Document # 106], noting his failure to file any response to the Complaint in this matter. On June 10, 2008, a Notice of Appearance was entered on behalf of Defendant Telega, and a Motion to Dismiss the complaint was filed on his behalf on June 11, 2008. [Document # 111]. The instant motion to set aside default judgment [sic] was subsequently filed on June 18, 2008.[1]

### B. Standard of Review

The policy of this Circuit is one of "disfavoring default judgments and encouraging decisions on the merits." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). Nevertheless, the "decision to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c) ... is left primarily to the discretion of the district court." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984), citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). In this regard, the court must consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) the default was the result of the defendant's culpable conduct. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. Appx. 519, 522 (3d Cir. 2006), citing Harad, 839 F.2d at 982. Though listed second above, the meritorious-defense factor is generally considered the threshold issue in setting aside a default or opening a default judgment. $55,518.05, 728 F.2d at 195; Nationwide, 175 Fed. Appx. at 522. A defendant does not have the right to have a default set aside

---

[1] Since only default has been entered against Defendant Telega, and Plaintiff is currently seeking entry of default judgment, Defendant's motion is construed as a motion to set aside default pursuant to Fed.R.Civ.P. 55(c).

automatically upon alleging a defense. "Our standard is more stringent; it requires a defendant to 'set forth with some specificity the grounds for his defense." Nationwide, 175 Fed. Appx. at 522, quoting Harad, 839 F.2d at 982. "We then look to the substance of that defense to determine whether it is meritorious." Id.

**C. Discussion**

Before applying the foregoing three-part test to determine whether the default at issue should be set aside, this Court must first determine whether Defendant Telega was properly served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 4(e) provides, in pertinent part:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, ... may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process..

In this case, Fed.R.Civ.P. 4(e)(2) does not apply, as Defendant Telega's copy of the Complaint was served at SCI-Albion, where Melinda Adams, SCI-Albion's Assistant Superintendent, acknowledged receipt of the same. (See Document # 60). Thus, in accordance with Fed.R.Civ.P. 4(e)(1), the Court must look to the applicable law of Pennsylvania regarding service of original process. In particular, Rule 402 of the Pennsylvania Rules of Civil Procedure provides, in pertinent part:

> (a) Original process may be served
>
> > (1) by handing a copy to the defendant; or

3

> > (2) by handing a copy
>
> > * * *
>
> > > (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a).

Attached to his motion to set aside default is Defendant Telega's Affidavit, in which he states the following, under oath:

> 3. At no time, was I ever personally handed a copy by anyone, including Melinda Adams or the United States Marshal, of the Complaint filed by Mr. Spencer.
>
> 4. I do not have an agent at SCI-Albion but Dr. Mark Baker, the Medical Director for SCI-Albion, is my immediate supervisor.

(Document # 117, Exhibit A at ¶¶ 3, ).

Based on the above representations, this Court finds that Defendant Telega was not properly served in accordance with Pa.R.C.P. 402(a) and, consequently, was not properly served pursuant to Fed.R.Civ.P. 4(e). As a result, Defendant Telega has not been required to file a responsive pleading to Plaintiff's Complaint, and the default entered against him in this case should be vacated. In addition, Plaintiff's motion for entry of default judgment against Defendant Telega should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion of Defendant Daniel Telega, P.A. to Set Aside or Open Default Judgment [sic] [Document # 117] be granted, that the default entered against Defendant Telega should be vacated, and Plaintiff's Motion for Entry of Default Judgment [Document # 106] should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the

date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Date: June 27, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge